IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KIMBALL D. HAILEY II, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:16-CV-261-Y |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Kimball D. Hailey II, a state prisoner, against Lorie Davis, director of the Texas Department of Criminal Justice, Correctional Institutions Division, Respondent. After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time barred.

### I. Factual and Procedural History

On June 14, 2010, in the 213th Criminal District Court, Tarrant County, Texas, Case No. 1152280D, a jury found Petitioner guilty of capital murder of a child younger than 6 years of age, and the trial court assessed an automatic life sentence without the possibility of parole. (Clerk's R., vol. 1, 138, doc. 11-19.) On appeal, Petitioner's conviction was affirmed and, on April 17, 2013, the Texas Court of Criminal Appeals refused his petition for

discretionary review. (Mem. Op., doc. 11-2; Docket Sheet, doc. 11-1.) Petitioner did not seek writ of certiorari. (Pet.3, doc. 1.) On June 23, 2015,[1] Petitioner filed a postconviction state habeas-corpus application challenging his conviction, which was denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court. (SH04, WR-84,353-01 Writ Rec'd 18, doc. 11-39.) On April 8, 2016,[2] Petitioner filed this federal habeas petition challenging his conviction. (Pet. 10, doc. 1.)

## II. Issues

In four grounds for relief, Petitioner claims he received ineffective assistance of trial counsel. He seeks a remand to the trial court for a new trial. (Id. at 6-7.)

## III. Statute of Limitations

Respondent alleges the petition is untimely under the federal statute of limitations. (Resp't's Answer 3-8, doc. 12.) Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writs of habeas corpus filed by state prisoners. Section 2244(d) provides:

---

[1]Petitioner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). The application does not provide the date Petitioner placed the document in the prison mailing system, however the "Inmate's Declaration" on page 17 of the application reflects the date the application was signed by Petitioner. For purposes of this opinion, Petitioner's state habeas application is deemed filed on that date. (SH04, WR-84,353-01, 18, doc. 11-39.)

[2]Similarly, a federal habeas petition filed by a prisoner is deemed filed when the petition is placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

2

(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

With limited exceptions not applicable here, under subsection (A), the limitations period begins to run on the date on which the judgment of conviction becomes final by the expiration of the time for seeking direct review. Under this provision, Petitioner's judgment of conviction became final upon expiration of the time that he had for filing a petition for writ of certiorari in the United States Supreme Court, which occurred on July 16, 2013.

3

Therefore, the statute of limitations began to run the following day and closed one year later on July 16, 2014, absent any tolling. *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998); SUP. CT. R. 13.

Petitioner's state habeas-corpus application, filed on June 23, 2015, after limitations had already expired, did not operate to toll the limitations period under the statutory provision in § 2244(d)(2). *See Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000). Therefore, Petitioner's petition filed on April 8, 2016, is untimely unless Petitioner can demonstrate that he is entitled to tolling as a matter of equity.

For equitable tolling to apply, a petitioner must show "'(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way'" and prevented him from filing a timely petition or he can make a convincing showing that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, --- U.S. ---, 133 S. Ct. 1924, 1928 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408 (2005)). Petitioner did not respond to Respondent's answer regarding the timeliness issue and merely states in his petition that "[d]ue to due process, time extensions filed to the courts by the post-conviction appeal attorney and the preparation of a state writ that was submitted and denied this 2254 should be valid . . . ." (Pet. 9, doc. 1.)

4

Petitioner fails to demonstate extraordinary circumstances that prevented him from filing a timely petition nor does he allege that he is actually innocent of the crime for which he was convicted.

Accordingly, Petitioner's federal petition was due on or before July 16, 2014. His petition filed on April 8, 2016, is therefore untimely.

For the reasons discussed, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DISMISSED as time barred.

Further, Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. The certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). "Under this standard, when a district court denies habeas relief by rejecting constitutional claims on their merits, 'the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *McGowen v. Thaler,* 675 F.3d 482, 498 (5th Cir. 2012) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). When the district court denies the petition on procedural grounds without reaching the merits, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that

jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (quoting *Slack*, 529 U.S. at 484). This inquiry involves two components, but a court may deny a certificate of appealability by resolving the procedural question only. Petitioner has not made a showing that reasonable jurists would question this Court's procedural ruling. Therefore, a certificate of appealability should not issue.

SIGNED December 6, 2017.

                                            /s/ Terry R. Means
                                            TERRY R. MEANS
                                            UNITED STATES DISTRICT JUDGE